STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JAMES A. SANTIAGO (Cal. Bar No. 300459)
Assistant United States Attorney
General Crimes Section
        1200 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-2229
        Facsimile: (213) 894-0141
        E-mail:    james.santiago@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>                  v.<br><br>KRISTOPHER ADAM GONZALEZ,<br><br>             Defendant. | No. CR 2:20-00348-SVW<br><br>GOVERNMENT'S SENTENCING POSITION REGARDING DEFENDANT KRISTOPHER ADAM GONZALEZ<br><br>Hearing Date: Aug. 8, 2022<br>Hearing Time: 11:00 A.M. |

        Plaintiff United States of America, by and through its counsel
of record, the Acting United States Attorney for the Central
District of California and Assistant United States Attorney James A.
Santiago, hereby files its Sentencing Position Regarding Defendant
Kristopher Adam Gonzalez ("defendant").

        This position is based upon the attached memorandum of points
and authorities, the files and records in this case, the Presentence
Report (Dkt. 67, "PSR") prepared by the United States Probation and
Pretrial Services Office ("USPO"), the USPO's Recommendation Letter

(Dkt. 66, "Rec. Letter"), and such further evidence and argument as the Court may wish to consider at the time of sentencing.

Dated: July 25, 2022                    Respectfully submitted,

                                        STEPHANIE S. CHRISTENSEN
                                        Acting United States Attorney

                                        SCOTT M. GARRINGER
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                        _____/s/ James A. Santiago_____
                                        JAMES A. SANTIAGO
                                        Assistant United States Attorney

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.   INTRODUCTION**

Defendant is an identity thief whose charges stem from his illegal possession and/or use of unauthorized access devices and stolen mail belonging to various victims.  He pled guilty pursuant to a written plea agreement to use of an unauthorized access device, possession of fifteen or more unauthorized access devices, possession of device-making equipment, and possession of stolen mail.  (Dkts. 55 ("Plea Agr."), 58 ("Amendment to Plea Agr."), 64 (Change of Plea Hearing).)

The government agrees with the PSR that defendant is in criminal history category IV, his total offense level is 13, and the Guidelines range is 24 to 30 months' imprisonment.  For the reasons set forth below, the government recommends the Court impose a high-end sentence of 30 months' imprisonment, followed by three years of supervised release, and a $400 special assessment.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

The government agrees that the PSR contains an accurate summary of defendant's conduct in this case.  (Plea Agr. ¶ 17; PSR ¶¶ 18-26.)  On September 9, 2019, defendant used an account number in the name of victim M.E.J. to fraudulently purchase a Samsung telephone, a 2-year warranty package, and a telephone sim card for a total price of $1,253.36 from a Curacao department store in South Gate, California.  (Plea Agr. ¶ 17; PSR ¶¶ 20-22, 25-26.)  Then on September 25, 2019, defendant possessed in his backpack 72 social security numbers, 8 credit card numbers, device-making equipment, 35 pieces of stolen mail, 43 checks made out to others totaling

$76,925.69, and a receipt for his fraudulent September 9, 2019 telephone purchase.  (Plea Agr. ¶ 17; PSR ¶ 26.)

## III. SENTENCING GUIDELINES

The government agrees with the Guidelines calculations in the PSR.  The base offense level is 6 under U.S.S.G. § 2B1.1(a)(2). (Plea Agr. ¶ 19; PSR ¶ 38.)  There is a 6-level increase for an intended loss amount of $76,925.69 under U.S.S.G. § 2B1.1(b)(1)(D), a 2-level increase for more than 10 victims under U.S.S.G. § 2B1.1(b)(2)(A), and a 2-level increase for possession of device-making equipment under U.S.S.G. § 2B1.1(b)(11).  (Plea Agr. ¶ 19; Amendment to Plea Agr. ¶ 2; PSR ¶¶ 50-51.)  Defendant should receive a 3-level reduction for acceptance of responsibility.  (Plea Agr. ¶ 3(d); PSR ¶ 28.)  Accordingly, the total offense level is 13.  The criminal history category is IV.  (PSR ¶¶ 57-62.)  The resulting Guideline range is 24 to 30 months' imprisonment.  (PSR ¶ 115.)  In its recommendation letter, the USPO recommends a low-end sentence of 24 months' imprisonment.

## IV. A HIGH-END SENTENCE OF 30 MONTHS IS JUSTIFIED AND APPROPRIATE UNDER THE CIRCUMSTANCES

The government recommends that the Court impose a high-end sentence of 30 months' imprisonment, followed by three years of supervised release.  Defendant should also be ordered to pay restitution in the amount of $1,253.36.  Given defendant's history of identity theft, the need for substantial deterrence to have any effect on his behavior, and the significant economic danger that defendant poses to the community, the Court should impose no less than a high-end Guidelines sentence of 30 months' imprisonment.

The government's recommended sentence reflects the seriousness of defendant's criminal conduct which included dozens of victims. Defendant had multiple unauthorized access devices, actually used an unauthorized access device, possessed device-making equipment, and possessed stolen mail.  Defendant has also been charged in a second federal case with possession of stolen mail.  As noted below, defendant also has a 2020 state conviction for possessing a false identification for possessing various stolen credit cards and identification documents.  (PSR ¶ 60.)  Thus, defendant's repeated criminal conduct and his proclivity for identity theft and fraud leaves little doubt that he is likely to resort back to committing fraud upon his release from custody if not sufficiently deterred by a significant prison sentence.

The government's recommendation also takes into account defendant's criminal history.  Although this will be defendant's first felony conviction, defendant has multiple prior misdemeanor convictions that place him in criminal history category IV.  (PSR ¶¶ 57-61.)  He has domestic battery convictions in 2014 and 2020, as well as a 2020 conviction for possession of credit cards and identification documents belonging to other people -- a conviction for a June 2019 arrest, approximately three months before the offense conduct here.  (PSR ¶¶ 59-61.)  His longest previous sentence was 120 days in custody in 2015.  (PSR ¶ 58.)  Thus, the recommended sentence of 30 months' imprisonment will be the most severe sanction that defendant has received to-date.

In mitigation, defendant appears to have had a difficult upbringing and a lengthy history of substance abuse.  (PSR ¶¶ 73-86, 93-100.)  Defendant also promptly took responsibility for his

3

conduct and pled guilty.  But the Guidelines properly account for defendant's criminal history and his acceptance of responsibility. Accordingly, a sentence at the high-end of the Guidelines range adequately accounts for these factors.

Finally, a sentence at the high-end of the Guidelines range will also avoid unwarranted sentence disparities.  <u>See</u> <u>United States v. Treadwell</u>, 593 F.3d 990, 1011 (9th Cir. 2010), overruled on other grounds by <u>United States v. Miller</u>, 953 F.3d 1095 (9th Cir. 2020)("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity[.]'").

The government also recommends the Court impose a three-year term of supervised release, in light of the factors identified at 18 U.S.C. § 3583(c).  (<u>See</u> PSR ¶¶ 117-120.)  A three-year supervised release term will provide the needed additional incentive for defendant to refrain from committing future crimes and will protect the public from further crimes by defendant.  (<u>See</u> 18 U.S.C. § 3583(c); 18 U.S.C. § 3553(a)(2)(B),(C).)

**V.   CONCLUSION**

For the reasons set forth above, the government recommends that the Court sentence defendant to 30 months' imprisonment, followed by

//

//

//

//

//

//

4

1   three years of supervised release, restitution in the amount of

2   $1,253.36, and a $400 special assessment.

3   Dated: July 25, 2022                    Respectfully submitted,

4                                           STEPHANIE S. CHRISTENSEN
                                            Acting United States Attorney
5
                                            SCOTT M. GARRINGER
6                                           Assistant United States Attorney
                                            Chief, Criminal Division
7

8                                                  /s/ James A. Santiago
                                            JAMES A. SANTIAGO
9                                           Assistant United States Attorney

10                                          Attorneys for Plaintiff
                                            UNITED STATES OF AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28